### BOTBYL v. MACKUS.

1. Motor Vehicles—Negligence—Contributory Negligence.

Garage employee who went onto highway to signal traffic to stop, and who was injured by automobile running into rear end of car which had stopped in response to signal, *held*, not guilty of contributory negligence, under circumstances.

2. Same—Failure to Stop.

Automobile driver colliding with rear end of car in front, which had stopped in response to signal, was guilty of negligence as matter of law, where his car, traveling 50 feet behind other car at speed of 20 to 25 miles per hour, could have been stopped in 30 feet, according to his own testimony, and his failure to stop is unexplained.

3. Master and Servant—Workmen's Compensation Act—Motor Vehicles—Negligence—Contributory Negligence.

Employer paying compensation to employee injured in automobile accident is entitled to recover amount so paid from wrongdoer whose negligence was proximate cause of injury, where employee was free from contributory negligence (2 Comp. Laws 1929, § 8454).

Appeal from Ottawa; Miles (Fred T.), J. Submitted November 4, 1932. (Docket No. 221, Calendar No. 36,664.) Decided January 3, 1933.

Case by George Botbyl, doing business as Botbyl's Garage, for use and benefit of United States Fidelity & Guaranty Corporation, against Clarence Mackus for sums paid under the workmen's compensation act for accidental injuries to plaintiff's employee alleged to have been caused by defendant's negligence. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Dunham, Taylor & Allaben,* for plaintiff.

*Rodgers & Dunn,* for defendant.

McDONALD, C. J.   The plaintiff conducts a garage business in Grand Haven, Michigan.   He carries compensation insurance with the United States Fidelity & Guaranty Corporation.   His employee, William Ver Duin, was injured in an automobile accident.   The insurer paid compensation, whereupon the plaintiff, under authority of the statute, section 8454, 2 Comp. Laws 1929, brought this suit for and on behalf of his insurer.

The issues involved were tried by the court without a jury.   Judgment in favor of the defendant was entered on a finding that he was not negligent.   The plaintiff has appealed.

The material facts are not disputed.   The plaintiff sent Mr. Ver Duin and another employee to the place of an accident south of Grand Haven on U. S. 31 to haul in a wrecked car.   It was in the daytime and on Labor Day, when there was considerable traffic on the trunk line.   Mr. Ver Duin and his helper fastened the wrecked car to their wrecker and pulled off on a side road so that they could back it onto the pavement heading towards Grand Haven.   Having done this, it was necessary, for reasons of safety, to stop the traffic on U. S. 31 while they were backing onto that road.   For such purpose Ver Duin stepped out into U. S. 31 and signaled the traffic.   Automobiles coming from the north stopped.   The first car from the south, a Chevrolet driven by Mr. Stap, heeded the signal and came to a stop within three or four feet of where Ver Duin was standing.   The defendant who was following about 50 feet behind crashed into the Chevrolet car and drove it forward against and over

Mr. Ver Duin, resulting in the injury which caused this suit. The following questions are presented:

1. Was Ver Duin guilty of contributory negligence?

It would have been negligence on the part of Ver Duin if he had attempted to back the wrecked car onto the highway without stopping the traffic. So in going into the highway and warning traffic he was exercising due care not only for his own safety but also for the safety of all who were using the road at that point. He was doing his duty. The testimony shows that he stopped the traffic coming from the north, and that the first car, the Chevrolet coming from the south, stopped; that he saw defendant's car following the Chevrolet 40 or 50 feet away; that, having no reason to apprehend danger from that quarter, he began to direct the work of backing the wrecked car into the main highway and was so engaged when injured. Under these circumstances Ver Duin was free from negligence unless it be held he was bound to anticipate that defendant would not stop his car in time to avoid collision with the one ahead of him. The car ahead did not stop suddenly. It began to slow down when it was 40 or 50 feet in advance of the defendant's car, which was running at a speed of 20 or 25 miles an hour. In view of the distance between the two cars, and the slow speed at which the defendant was driving, all of which was known to Ver Duin, it cannot be said that he should have anticipated a collision. The circumstances gave him reasonable cause to assume that defendant had control of his car and that he would use reasonable care to avoid crashing into the car ahead of him. If defendant had done so, there would have been no accident. We think the undis-

puted evidence shows that Ver Duin was not guilty
of contributory negligence.

2.   Was the defendant negligent?

The defendant could have stopped his car in the
distance he had to cover before overtaking the car
ahead of him.   He testified he was 50 feet behind
it when it began to slow up in response to Mr.
Ver Duin's signal; that he knew it was going to
stop; that it traveled about 30 feet before it came
to a stop; so that he had about 80 feet in which
to stop his car and avoid a collision.   He testified
that his car was equipped with four-wheel brakes
in good order, and he could have stopped in 30 feet,
but gave no excuse for not having done so.   His
failure to stop caused the accident.   He was negli-
gent, and his negligence was established by his own
testimony.

As the undisputed evidence shows that Ver Duin
was not guilty of contributory negligence, and that
defendant was negligent, which negligence was the
proximate cause of the injury, the court should
have found a judgment for the plaintiff.

. The judgment is reversed, and, as the amount of
damages has been stipulated, the cause remanded
for the entry of a judgment in favor of the plaintiff,
with costs of both courts.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and
BUTZEL, JJ., concurred.